Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

Sarah R. Schalman-Bergen (to be admitted *pro hac vice*)
Stacy Savett (to be admitted *pro hac vice*)
Shoshana Savett (to be admitted *pro hac vice*)
Krysten Connon (to be admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Facsimile:  (215) 875-4604

Attorneys for Plaintiffs, the Collective,
and putative Classes

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR DIAZ and JOE TRIGO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TAK COMMUNICATIONS CA, INC.; and TAK COMMUNICATIONS, INC.<br><br>Defendants. | Case No. _____<br><br>_____<br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Edgar Diaz and Joe Trigo, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), complain and allege as follows:

**INTRODUCTION**

1.     Plaintiffs bring this class and collective action on behalf of themselves and other similarly situated individuals who have worked for TAK Communications CA Inc. and TAK Communications (collectively "TAK" or "Defendants") as non-exempt, hourly employees, including but not limited to Technicians, to challenge TAK's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); applicable California Labor Code provisions; applicable Industrial Welfare Commission ("IWC") Wage Orders; and the Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq.* ("UCL").

2.     This is a collective and class action complaint against TAK to challenge its policies and practices of denying proper payment of all wages (including minimum, regular, and overtime wages, expense reimbursement, and improper deductions), compensation for nonproductive work time, as well as TAK's failure to authorize, permit, and/or make available rest periods and meal periods.

3.     Plaintiffs and members of the putative Collective and Classes are current and former non-exempt employees of TAK, who carried out TAK's installation service business (hereinafter referred to collectively as "Technicians"). Plaintiffs seek to represent other current and former non-exempt employees who work as Technicians in this collective and class action. Plaintiffs allege TAK has engaged in an unlawful pattern and practices in violation of the FLSA and the applicable laws of the state of California.

4.     Plaintiffs challenge TAK's policies and practices of: (1) failing to compensate Plaintiffs and putative Class and Collective members for all hours worked; (2) failing to pay Plaintiffs and putative Class and Collective members minimum wage for all hours worked; (3) failing to pay Plaintiffs and putative Class and Collective members overtime and double time wages; (4) failing to authorize and permit Plaintiffs and the putative Class members to take meal and rest breaks to which they are entitled by California law and failing to pay premium

compensation for missed breaks; (5) failing to reimburse Plaintiffs and putative Class and Collective members for necessary business expenditures; (6) failing to accurately compensate Plaintiffs and putative Class members for nonproductive work time; (7) failing to provide Plaintiffs and putative Class members accurate itemized wage statements; and (8) failing to timely pay Plaintiffs and putative Class members wages upon termination of employment.

5.      TAK requires Plaintiffs and other Technicians to work long schedules – typically between 10 to 14 hours per day, 5 to 6 days per week. Technicians work these long hours without proper compensation and breaks. In particular, TAK rarely pays Technicians for all hours worked, including minimum wage, overtime, and double time. Instead, TAK manipulates time records so that Technicians' hours worked are significantly underreported. TAK also does not provide Technicians with proper meal and rest breaks, although it requires Technicians to falsely report taking breaks.  TAK also routinely fails to properly compensate Technicians for nonproductive work time.

6.      Plaintiffs and other Technicians are not compensated for off-the-clock work, including, but not limited to, time spent while clocked out for lunch, as well as time spent working before Technicians are allowed to clock in at the beginning of their workday and/or time spent working after Technicians are allowed to clock out at the end of their work day.

7.      TAK requires Technicians to incur numerous work related expenses, including but not limited to tools and supplies, that are not reimbursed. At all relevant times, TAK has been fully aware that jobs assigned cannot be completed unless the Technician has the proper equipment. TAK does not supply the tools necessary to complete the jobs assigned, nor do they reimburse the Technicians for tools and supplies purchased by the Technicians. Instead, Technicians are required to purchase these items themselves.

8.      TAK also deducts payment for health insurance premiums from Technician's wages, yet fails to provide the health insurance purchased. TAK therefore unlawfully reduces Technicians' wages.

9.      Plaintiffs and other Technicians experience a number of derivative issues from TAK's wage and hour practices, including but not limited to receiving incorrect wage statements,

and not receiving all pay owing to them at the end of their employment. Wage statements do not accurately reflect the actual hours worked, piece rates, rate of compensation, or gross wages for rest and recovery periods and other nonproductive time. Compensation for off-the-clock work, overtime, and premium pay for missed breaks remains outstanding after termination. Proper compensation for rest and recovery periods and other nonproductive time also remains outstanding after termination.

10.     Ultimately, the daily time that TAK requires Technicians to work without compensation along with the unlawful deduction from wages deprives them of substantial amounts of pay to which they are entitled under Federal law and the laws of the state of California.

11.     As a result of these violations, Plaintiffs seek full compensation for all denied timely and compliant meal and rest periods, unpaid wages, including unpaid minimum wage, straight time, and overtime, waiting time penalties, and premium pay. Plaintiffs are also entitled to penalties under the laws of California for these same violations. Plaintiffs also seek declaratory and injunctive relief, including restitution.

12.     Plaintiffs seek reasonable attorneys' fees and costs under the FLSA, the California Labor Code and California Code of Civil Procedure § 1021.5, and other laws of the state of California.

**JURISDICTION AND VENUE**

13.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

14.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times, TAK has been actively conducting business in the State of California, and within the geographic area encompassing the Northern District of the State of California. A substantial portion of the events described herein took place in this District.

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Diaz, et al. v. TAK Communications CA, Inc., et al.*

**PARTIES**

15.    The named Plaintiffs Edgar Diaz and Joe Trigo reside in and are citizens of California.

16.    Plaintiff Diaz worked for TAK from approximately May 2019 until March 2020 in and around Sacramento, Stockton, and Fresno California. He worked in the non-exempt position of technician.

17.    Plaintiff Trigo worked for TAK from approximately June 2019 to the present in Sacramento and Stockton California.  He worked in the non-exempt position of technician.

18.    Defendant TAK Communications, Inc. is a South Dakota corporation that maintains its headquarters in Sioux Fall, South Dakota. TAK Communications, Inc. does business throughout the United States, including in California.

19.    Defendant TAK Communications CA, Inc. is a California corporation that maintains its principal place of business in Sacramento, California.

20.    Plaintiffs are informed, believe, and allege that TAK Communications, Inc. serves in a capacity of direct control over the operations of TAK Communications CA, Inc., and TAK Communications CA, Inc. is the agent of TAK Communications, Inc. On information and belief, TAK Communications, Inc. and TAK Communications CA, Inc. jointly exercise control over Plaintiffs and the proposed Class members.

21.    Plaintiffs are informed, believe, and allege that at all times mentioned in this Complaint, each Defendant was the agent and employee of the other Defendant and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment. Plaintiffs are further informed, believe, and allege that each of the Defendants gave consent to, ratified, and authorized the acts alleged herein. Defendants are sued both in their own right and on the basis of respondent superior.

22.    Plaintiffs are informed, believe, and allege that Defendants are either solely or jointly and severally liable for damages and penalties owed to Plaintiffs under common law and by statute, including attorneys' fees and costs.

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Diaz, et al. v. TAK Communications CA, Inc., et al.*

23.     At all relevant times, Defendants have regularly engaged in business in the State of California, have places of business in the States of California, including in this judicial district, and have employed Collective and putative Class Members in this judicial district. Defendants are a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. Defendants are also an "employer" as that term is used in the California Labor Code, the IWC Wage Orders, and the FLSA.

## FACTUAL ALLEGATIONS

24.     TAK is a national fulfillment contractor for low-voltage installations, providing cable and communication equipment installations on behalf of cable operators throughout the United States.

25.     Plaintiffs and putative Class members are all current and former non-exempt employees of TAK who carried out TAK's installation service business throughout the state of California. Plaintiffs are informed, believe, and thereon allege that the policies and practices of TAK have at all relevant times been similar for Plaintiffs and the Class Members, regardless of location.

26.     Plaintiffs and putative Collective members are all current and former non-exempt employees of TAK who carried out TAK's installation service business throughout the United States. Plaintiffs are informed, believe, and thereon allege that the policies and practices of TAK have at all relevant times been similar for Plaintiffs and the Collective Members, regardless of location.

27.     Technicians' job duties include but are not limited to: driving to customers' residences; installing cable, telephone, internet, and alarm services; making repairs; troubleshooting; and educating customers.

## WORKING AS A TECHNICIAN FOR TAK

28.     TAK requires Plaintiffs and other Technicians to begin their days early in the morning. Technicians receive their first assignments of the day between 6:50 a.m. and 7:00 each morning.

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Diaz, et al. v. TAK Communications CA, Inc., et al.*

29.     Technicians then report to TAK's warehouse and wait in line with other Technicians to pick up supplies provided by TAK, such as cable wires, wall plates, cable fittings, cable boxes, house boxes, and internet boxes.

30.     Technicians then head out for their first of many jobs for the day. TAK requires each Technician to complete between 5 to 11 jobs per day. Following the first job of the day, TAK schedules Technicians for jobs for the rest of the day.

31.     Most jobs take between one and four hours to complete, however, some jobs can take an entire day.

32.     Technicians' days do not end until they complete all the job assignments received from TAK for the day. This is often not until 8:00 or 9:00 p.m.

33.     Regardless of location, TAK requires Plaintiffs and Technicians to work a grueling schedule, often 5-6 days per week and well over 10 hours per day.

34.     Plaintiff Diaz typically worked over 10-13 hours per day, 5 days per week. It was common for him to begin his day around 7:30 a.m. and work until 6:00 or 8:00 p.m. He often worked 50 to over 65 hours per week.

35.     Plaintiff Trigo typically works between 12-13 hours per day, 5 days per week. It was common for him to begin his day around 6:00 a.m.  He often works 60 to 65 hours per week.

36.     Much of Technicians' work time, however, is unreported or is outright eliminated from Technicians' compensation. TAK systematically pressures Technicians to underreport their hours, and threatens to – and in fact does – unilaterally change Technician time records.

37.     Upon information and belief, TAK specifically instructs Technician supervisors and upper management employees to reduce Technicians' hours.

38.     TAK also urges Technicians to document fewer work hours to supposedly increase their hourly rate, when in fact TAK pays Technicians less compensation for more hours worked because of TAK's pressure tactics. TAK also instructs Technicians to document fewer work hours to give the appearance of greater productivity to TAK's customers. This results in significant unpaid time.

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Diaz, et al. v. TAK Communications CA, Inc., et al.*

39.     TAK's policies and practices results in Technicians performing substantial off-the-clock work, including overtime work, which goes unrecorded and unpaid by TAK. TAK's directives cause Plaintiffs and other Technicians to underreport several hours per day.

40.     In addition, TAK instructs Technicians to falsely report on their time sheets that they took a meal break, with complete indifference as to whether Technicians in fact were able to, and did, take a meal break. Moreover, if Technicians fail to falsely report that they took a meal break, TAK will do so for them, altering the Technicians' time records to reflect a meal period that was never taken. TAK does not compensate Technicians for work completed during these falsely reported meal periods.

41.     TAK also routinely denies Technicians in California with timely and compliant off-duty meal periods and rest periods. Specifically, TAK routinely refuses to authorize, permit, and/or make available to Technicians timely and compliant thirty-minute meal periods as required by California law. Furthermore, TAK often requires Technicians to work in excess of 10 hours per day, but does not authorize, permit, and/or make available to them a second thirty-minute meal period as required by California law. Likewise, TAK routinely refuses to authorize or permit Technicians to take ten-minute rest periods as required by California law.  TAK fails to pay Technicians premium wages for their missed breaks. This uniformly violates California law.

42.     Beyond TAK's failure to authorize or permit meal and rest breaks, Technicians' schedules are too busy, and TAK's pressure to complete job assignments is too constant, for Technicians' to take meal or rest breaks. TAK monitors Plaintiffs and other Technicians throughout the day, including by telephone, directing them to go from customer to customer without breaks. As a result, Technicians are routinely forced to eat in their trucks while driving to the next job assignment.

43.     TAK is aware of the fact that Technicians do not get the meal and rest periods to which they are entitled under California law and that it maintains policies and practices that deprive its Technicians of compensation for time worked, including overtime compensation. In fact, TAK has been involved in similar litigation in the past yet continues to engage in these practices.

1  Therefore, the denial of meal and rest periods and denial of wages to Technicians is knowing and
2  willful.

3  **TECHNICIANS' COMPENSATION MODEL**

4  44.   TAK's compensation system utilizes a piece-rate system that compensates
5  Technicians for: (1) piece-rate work per job, (2) hours worked, and (3) non-productive time.
6  However, the hours worked, including the non-productive time, are not accurately recorded and in
7  fact are severely underreported. Similarly, job codes completed are not accurately recorded and are
8  severely underreported.

9  45.   Under this compensation model, each discrete task has a corresponding dollar
10  amount. Throughout the day, and for each job, Technicians are required to document and submit
11  these codes to TAK as they are completed.

12  46.   However, TAK pressures Technicians to either not submit code entries for tasks they
13  complete, or alter code entries for tasks that have been already been submitted. TAK also modifies
14  and alters the codes submitted by Technicians. Upon information and belief, TAK specifically
15  instructs Technician supervisors and upper management employees to erase or alter job codes.
16  Technician supervisors and upper management employees routinely delete or alter job codes that
17  Technicians have submitted for completed job tasks. Often times after Plaintiffs and Technicians
18  successfully complete a specific installation, instead of being paid for the corresponding job codes,
19  Plaintiffs' and Technicians' actual job codes are either deleted or altered to a lower paying code so
20  that they are not paid for the total amount due for the work completed.

21  47.   TAK also both alters Technicians' time records and requires that Technicians alter
22  their time records to reduce the amount of nonproductive time reported. Upon information and
23  belief, TAK specifically instructs Technician supervisors and upper management employees to
24  erase or alter time records to reflect less nonproductive time. Technician supervisors and upper
25  management employees either delete that time or alter Technicians' hours to show that time as
26  productive time.

27  48.   Plaintiffs and other Technicians elect health insurance coverage through TAK. For
28  those Technicians who elect to have health insurance coverage, TAK deducts a health insurance

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Diaz, et al. v. TAK Communications CA, Inc., et al.*

1   premium payment each pay period. However, TAK fails to provide these employees, including

2   Plaintiffs and other Technicians with health insurance. On information and belief, TAK keeps the

3   money it deducts from Technicians wages for itself.

4        49.    Plaintiffs and other Technicians also incur numerous work-related expenses for

5   which TAK does not reimburse them, including but not limited to tools and supplies.  TAK does

6   not compensate Plaintiffs and Technicians for the costs associated with their work-related expenses.

7        50.    TAK is aware that the company is required to compensate Technicians for work-

8   related expenses, yet refuses to do so. TAK's unlawful conduct has been widespread, repeated, and

9   willful throughout California and the United States.

10       51.    Plaintiffs are informed, believe, and thereon allege that TAK's compensation policies

11  and practices have been similar for Plaintiffs and the Collective and Class Members, regardless of

12  location.

13       52.    As a result of TAK's wage and hour practices, wage statements do not accurately

14  reflect the actual hours worked by Plaintiffs and Technicians, the piece rates earned, the correct

15  value of piece rates completed, the amount of compensation for each piece rate, or the amount of

16  non-productive time.

17       53.    Because Technicians are systematically deprived of the wages to which they are due

18  and entitled, Plaintiffs and members of the putative Class and Collective also do not receive all pay

19  owing to them at the end of their employment. Compensation for off-the-clock work, missing piece

20  rates, overtime, unreimbursed expenses, and premium pay for missed breaks remains outstanding

21  after termination.

22                   **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

23       54.    Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b)

24  as to claims for failing to pay Plaintiffs and Collective members for all hours worked, including

25  minimum wage, wages at the agreed rate, and overtime compensation for all hours worked over 40

26  hours per week, liquidated damages, and attorneys' fees and costs under the FLSA.

27       55.    The FLSA Collective that Plaintiff seeks to represent is defined as follows:

28

All current and former non-exempt hourly employees of Defendants working as technicians throughout the United States during the time period three years prior to the filing of the complaint until resolution of this action ("the Collective").

56.   Plaintiffs, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging TAK's policy and practice of failing to accurately record all hours worked, and failing to properly pay Plaintiffs for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of TAK, and potential opt-ins may be easily and quickly notified of the pendency of this action.

57.   Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, because Plaintiffs' FLSA claims are similar to the claims of the members of the Collective.

58.   The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

59.   Members of the Collective regularly work or have worked in excess of forty hours during a workweek.

60.   Members of the Collective, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek, including "off-the-clock" work. Members of the Collective are not exempt from receiving overtime compensation under the FLSA.

61.   Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of FLSA Collective members.

62.   Plaintiffs are representatives of the members of the Collective and are acting on behalf of their interests, as well as Plaintiffs' own interests, in bringing this action.

63.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiffs have retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

64.     The similarly situated members of the Collective are known to TAK, are readily identifiable, and may be located through TAK's records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23
## CALIFORNIA CLASS

65.     Plaintiffs Diaz and Trigo bring the Second through Eleventh Counts (the California state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The putative California Class is initially defined as:

> All current and former non-exempt hourly employees of Defendants working as Technicians throughout the state of California during the time period four years prior to the filing of the complaint, until resolution of this action (the "California Class").

66.     **Numerosity:** The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiffs are informed and believe that the number of California Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the California Class and Defendant.

67.     **Commonality:** There are questions of law and fact common to Plaintiffs Diaz and Trigo and the putative California Class that predominate over any questions affecting only

individual members of the putative California Class. These common questions of law and fact include, without limitation:

    i.   Whether Defendants fail to compensate putative Class members for all hours worked, including at minimum wage and as overtime compensation, in violation of the Labor Code and Wage Orders;

    ii.   Whether Defendants have a policy and/or practice of requiring putative Class members to be in the control of, spend time primarily for the benefit of, and work for Defendants off-the-clock and without compensation;

    iii.   Whether Defendants fail to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to putative Class members in violation of the Labor Code and Wage Orders;

    iv.   Whether Defendants fail to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

    v.   Whether Defendants unlawfully deduct insurance premiums from Technicians' wages;

    vi.   Whether Defendants fail to properly compensate Technicians for rest and recovery periods, and other nonproductive time.

    vii.   Whether Defendants fail to reimburse Class members for reasonable and necessary business expenses in violation of the Labor Code;

    viii.   Whether Defendants fail to provide putative Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

    ix.   Whether Defendants fail to timely pay putative Class members for all wages owed upon termination of employment in violation of the Labor Code;

    x.   Whether Defendants violate Business and Professions Code §§ 17200 *et seq.*, by:

(a.)   failing to compensate putative Class members for all hours worked, including at minimum wage and as overtime compensation;

(b.)   failing to pay putative Class members minimum wage for all hours worked;

(c.)   failing to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to putative Class members;

(d.)   failing to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods to which they are entitled;

(e.)   failing to reimburse Class members for reasonable and necessary business expenses;

(f.)   failing to provide putative Class members with timely, accurate itemized wage; and

(g.)   failing to timely pay putative Class members for all wages owed upon termination of employment;

xi.   The proper formula for calculating restitution, damages, and penalties owed to Plaintiffs and the Class as alleged herein.

68.   **Typicality:**  Plaintiffs' claims are typical of the claims of the putative California Class. TAK's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiffs to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the putative California Class.

69.   **Adequacy:**  Plaintiffs seek relief for state law violations perpetrated by Defendants. In that sense, Plaintiffs do not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class members.

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Diaz, et al. v. TAK Communications CA, Inc., et al.*

70.     **Superiority:**  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class Members is not practicable, and questions of law and fact common to Plaintiffs predominate over any questions affecting only individual members of the putative Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

71.     In the alternative, the putative Class may be certified because the prosecution of separate actions by the individual members of the putative Class would create a risk of inconsistent or varying adjudication with respect to individual members of the putative Class, and, in turn, would establish incompatible standards of conduct for TAK.

72.     If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

73.     Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

74.     Plaintiffs know of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201, *et seq.***
**(By Plaintiffs and the Collective against Defendants)**

75.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

76.     The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a) (1).

77.     At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. See 29 U.S.C. § 203(e).

78.     Defendants TAK Communications CA, Inc. and TAK Communications, Inc. are covered employers required to comply with the FLSA's mandates. See 29 U.S.C. § 203(d); 29 C.F.R. § 552.109(a).

79.     TAK violated the FLSA with respect to Plaintiffs and the Collective, by, inter alia, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. See 29 U.S.C. § 206; 29 C.F.R. § 531.35; 29 U.S.C. § 207 (a), (g).

80.     Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of TAK, working throughout the United States.

81.     Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because TAK has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

82.     TAK has acted neither in good faith nor with reasonable grounds to believe that its actions and omission were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

83.     As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by TAK from Plaintiffs and the Collective. Accordingly, TAK is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

84.     Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Authorize, Permit, and/or Make Available Meal and Rest Periods**
**Labor Code §§ 203, 223, 226.7, 512, and 1198**
**(By Plaintiffs and the Class against Defendants)**

85.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

86.     California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders require Defendants to authorize, permit, and/or make available timely and compliant meal and rest periods to its employees. Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes. Section 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

87.     Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize and permit a required meal period must pay the employee, as compensation, one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not authorized and permitted. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not authorized and permitted.

88.     Despite these requirements, TAK knowingly and willfully refused to perform its obligations to authorize and permit Plaintiffs and the Class to take the timely and compliant off-duty meal and rest periods to which they are entitled. Plaintiffs and the Class are routinely denied rest periods and work through their meal periods.

89.     TAK also fails to pay Plaintiffs and the Class one hour of pay for each untimely, non-compliant meal and/or rest period that they are denied.

90.     TAK's conduct described herein violates California Labor Code §§ 226.7 and 512 and the applicable Wage Orders. Therefore, pursuant to Labor Code § 226.7(b), Plaintiffs and the Class are entitled to compensation for the failure to authorize and permit meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

91.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Properly Compensate Piece Rate Workers for Rest and Recovery Periods, and Other Nonproductive Time; Failure to Provide Compliant Itemized Wage Statements for Rest and Recovery Periods and Other Nonproductive Time**
**Labor Code § 226.2**
**(By Plaintiffs and the Class against Defendants)**

92.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

93.     California Labor Code § 226.2 provides:

> This section shall apply for employees who are compensated on a piece-rate basis for any work performed during a pay period. This section shall not be construed to limit or alter minimum wage or overtime compensation requirements, or the obligation to compensate employees for all hours worked under any other statute or local ordinance. For the purposes of this section, "applicable minimum wage" means the highest of the federal, state, or local minimum wage that is applicable to the employment, and "other nonproductive time" means time under the employer's control, exclusive of rest and recovery periods, that is not directly related to the activity being compensated on a piece-rate basis.

94.     California Labor Code § 226.2(a)(1)-(2) provides:

> For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period: (1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation; (2) The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable: (A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; (B) Except for employers paying compensation for other nonproductive time in accordance with paragraph (7), the total hours of other nonproductive time, as

determined under paragraph (5), the rate of compensation, and the gross wages paid for that time during the pay period.

95. Labor Code § 226.2(a)(3)(A), (B) provides:

(3)(A) Employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of: (i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods. (ii) The applicable minimum wage.

(B) For employers who pay on a semimonthly basis, employees shall be compensated at least at the applicable minimum wage rate for the rest and recovery periods together with other wages for the payroll period during which the rest and recovery periods occurred. Any additional compensation required for those employees pursuant to clause (i) of subparagraph (A) is payable no later than the payday for the next regular payroll period.

96. California Labor Code § 226.2(a)(4)-(5), (7) provides:

(4) Employees shall be compensated for other nonproductive time at an hourly rate that is no less than the applicable minimum wage.

(5) The amount of other nonproductive time may be determined either through actual records or the employer's reasonable estimates, whether for a group of employees or for a particular employee, of other nonproductive time worked during the pay period.

(7) An employer who, in addition to paying any piece-rate compensation, pays an hourly rate of at least the applicable minimum wage for all hours worked, shall be deemed in compliance with paragraph (4).

Plaintiffs seek to recover actual damages, costs, and attorneys' fees under this section.

97. TAK fails to provide timely, accurate, itemized wage statements to Plaintiffs and the Class in accordance with Labor Code § 226.2(a)(1)-(2) and the IWC Wage Orders. In particular, the wage statements TAK provides its employees, including to Plaintiffs and the Class, do not reflect the total hours, rate of compensation, or gross wages for either rest and recovery periods, or other nonproductive time. This is because TAK both alters Technicians' time records and requires that Technicians alter their time records to reduce the amount of nonproductive time reported. In addition, TAK does not count as "hours worked" the off-the-clock time its hourly, non-exempt Technicians spend performing work activities outside of their scheduled paid shifts and other work-related activities.

98.     Further, TAK fails to properly compensate Plaintiffs and the Class in accordance with Labor Code Section 226.2(a) (1), (3)-(5), (7). In particular, TAK fails to compensate Plaintiffs and the Class's rest and recovery periods at the higher of either "(i) [a]n average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods[;] or (ii) [t]he applicable minimum wage." Cal. Labor Code § 226.2(a) (3)(A). Defendants further fail to compensate Plaintiffs and the Class's other nonproductive time at an hourly rate that is no less than the applicable minimum wage. Cal. Labor Code § 226.2(a)(4).

99.     TAK's failure to comply with Labor Code § 226.2 was and continues to be knowing and intentional. Although, as alleged herein, TAK is aware that Plaintiffs and the Class perform off-the-clock work, allegedly took rest breaks, and perform other nonproductive time, TAK systematically fails to include this time worked in Plaintiffs' wage statements and fails to properly compensate Plaintiffs and the Class for all rest and recovery periods and other nonproductive time under Labor Code § 226.2.

100.     Plaintiffs and the Class suffered injury as a result of TAK's knowing and intentional failure to provide timely, accurate itemized wage statements to Plaintiffs and the Class in accordance with Labor Code § 226.2. Plaintiffs and the Class have also suffered injury as a result of TAK's knowing and intentional failure to provide proper compensation for rest and recovery periods and other nonproductive time in accordance with Labor Code § 226.2. In particular, the injury stemming from TAK's violations is evidenced by this live and active dispute regarding unpaid wages, including, overtime pay, between the Parties. As a result of TAK's violations, Plaintiffs and the Class are required to undertake the difficult and costly task of attempting to reconstruct TAK's incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

101.     TAK is liable to Plaintiffs and the Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiffs and the Class are entitled to an award of attorneys' fees and costs as set forth below.

102.   Wherefore, Plaintiffs and the Class pray for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**Failure to Compensate for All Hours Worked**
**Labor Code §§ 200, 1194, 1198, 226.2**
**(By Plaintiffs and the Class against Defendants)**

103.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

104.   California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

105.   California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

106.   TAK requires Plaintiffs and the Class to work off-the-clock without compensation for their work performed. TAK requires Plaintiffs and members of the Class to underreport their hours and falsely claim they took meal periods. When Plaintiffs and Class members fail to do as instructed, TAK manipulates their time records to achieve the same result. Likewise, TAK reduces or deletes piece rates, and pressure Technicians to not report completed piece rates. In other words, Plaintiffs and the Class are forced to perform work for the benefit of TAK without compensation.

107.   Therefore, TAK committed, and continues to commit, the acts alleged herein knowingly and willfully and in conscious disregard of Plaintiffs' and the Class's rights. Plaintiffs and the Class are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial.

108.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

///

///

///

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Diaz, et al. v. TAK Communications CA, Inc., et al.*

### FIFTH CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**Labor Code §§ 1182.11, 1182.12, 1197**
**(By Plaintiffs and the Class against Defendants)**

109.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

110.    TAK maintains policies and procedures that force Plaintiffs and Class members to work off the clock, without compensation – let alone the minimum wage. Due to their grueling work schedules, the systematic denial of piece rates, the unlawful deductions from wages, and the uncompensated, on duty time, Plaintiffs and Class members are routinely compensated at a rate that is less than the statutory minimum wage.

111.    During the applicable statutory period, California Labor Code §§ 1182.11, 1182.12 and 1197, and the IWC Minimum Wage Order were in full force and effect and required that TAK's hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other bases, at the rate of nine dollars ($9.00) per hour commencing July 1, 2014; the rate of ten dollars a fifty cents ($10.50) per hour commencing January 1, 2017; the rate of eleven dollars ($11.00) per hour commencing January 1, 2018; the rate of twelve dollars ($12.00) per hour commencing January 1, 2019; and the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020.

112.    IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

113.    California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

114.    Plaintiffs and Class Members regularly work well in excess of eight hours per day and forty hours per week.

115.   Plaintiffs and Class Members also regularly had deductions unlawfully taken from their pay, including to pay for health insurance that was never provided. They also pay expenses necessary to their employment with TAK, and are not reimbursed for these expenditures.

116.   The combination of long work schedules, unlawful deductions, and unreimbursed expenses regularly result in payment at rates below the minimum wage, as determined by the IWC.

117.   Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

118.   By failing to maintain adequate time records as required by Labor Code § 1174(d) and IWC Wage Order 4-2001(7), TAK makes it difficult to calculate the minimum wage compensation due to Plaintiffs and Class Members.

119.   As a direct and proximate result of TAK's unlawful acts and/or omissions, Plaintiffs and Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

120.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**<u>SIXTH CAUSE OF ACTION</u>**
**Failure to Pay Overtime Wages**
**Labor Code §§ 200, 510, 1194**
**(By Plaintiffs and the Class against Defendants)**

121.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

122.   California Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

123.    California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

124.    California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

125.    TAK's policy and practice of requiring Plaintiffs and the Class to perform work off-the-clock is unlawful. Even absent this off-the-clock work, many of TAK's hourly, non-exempt Technicians, including Plaintiffs and the Class, work over eight hours in a day and/or over forty hours in a week. Accordingly, as a result of TAK's unlawful policy alleged herein of requiring Plaintiffs and the Class to perform off-the-clock work, Plaintiffs and the Class work overtime hours for TAK without being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

126.    As alleged above, TAK requires non-exempt, hourly Technicians to perform off-the-clock work, including unpaid overtime work, knowing full well that such work is being performed outside of their paid shifts. TAK has, therefore, knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, TAK damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

127.    TAK is liable to Plaintiffs and the Class for the unpaid overtime and civil penalties, with interest thereon. Furthermore, they are entitled to an award of attorneys' fees and costs as set forth below.

128.    Wherefore, Plaintiffs and Class Members request relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
#### Unlawful Deduction from Wages
#### Labor Code §§ 221, 225.5
#### (By Plaintiffs and the Class against Defendants)

129.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

130.    California Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

131.    California Labor Code § 221 and related statutes, along with California's fundamental public policy protecting wages, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; or taking other unpredictable deductions that may impose a special hardship on employees.

132.    TAK violated Cal. Labor Code §§ 221, and 225.5, by unlawfully taking deductions from Plaintiffs and Class Members' compensation for promised health insurance coverage, yet failing to provide to Plaintiffs and the Class Members the promised health insurance.

133.    Because TAK took unlawful deductions from Technician's compensation they are liable to Plaintiffs and Class Members for the compensation that should have been paid but for the unlawful deductions along with penalties, pursuant to Cal. Labor Code§§ 221.

134.    By unlawfully deducting wages and failing to pay Plaintiffs and other similarly situated Technicians, TAK is also liable for penalties, reasonable attorneys' fees, and costs under Labor Code §§ 218.5, 225.5, and 1194.

135.    Wherefore, Plaintiffs and Class Members request relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
#### Failure to Reimburse for Necessary Business Expenditures in
#### Labor Code § 2802
#### (By Plaintiffs and the Class against Defendants)

136.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

137.    California Labor Code § 221 provides that it shall be unlawful for any employer to collect or receive any part of wages theretofore paid by said employer to said employee.

138.    California Labor Code § 2802 provides that an employer must reimburse an employee for necessary expenditures and losses incurred by an employee in the direct consequence of the discharge of his or her duties.

139.    TAK requires Plaintiffs and the Class to incur numerous work-related expenses, including but not limited to tools and  supplies to perform their work duties. However, TAK does not compensate Plaintiffs and the Class for the expenses required to perform their work-related tasks.

140.    Because of TAK's failure to comply with the provisions of the applicable Wage Order and California Labor Code §§ 221 and 2802, Plaintiffs and the Class suffered damages. Plaintiffs and the Class seek reimbursement for the necessary expenditures they incurred in direct consequence of the discharge of their duties in an amount according to proof at time of trial, with interest thereon, costs, applicable civil penalties and attorneys' fees pursuant to California Labor Code § 2802 and the applicable Wage Order.

141.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## NINTH CAUSE OF ACTION
### Waiting Time Penalties
### Labor Code §§ 201-203
### (By Plaintiff Diaz and the Class against Defendants)

142.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

143.    California Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

144.    California Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting

145.    California Labor Code § 203 provides, in relevant part:

1
2
3
4

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

5   146.   Plaintiff Diaz and some of the Class Members have left their employment with TAK

6   during the statutory period, at which time TAK owed them unpaid wages. These earned, but unpaid,

7   wages derive from time spent working through their meal and rest breaks, from time spent outside

8   of their scheduled and paid shifts performing other work-related activities, and overtime

9   compensation that was not accounted for in the performance of off-the-clock work.

10   147.   TAK willfully refused, and continues to refuse, to provide Plaintiffs and the Class

11   with meal and rest period premium pay and with payment for off-the-clock work performed. In

12   particular, as alleged above, TAK is aware Plaintiffs and the Class regularly miss or have interrupted

13   their meal and rest breaks as a result of TAK's unlawful policies and practices, but TAK,

14   nevertheless, refuses to authorize premium pay for missed or interrupted meal and rest periods.

15   Likewise, as alleged above, although TAK knew, and continues to know, full well that Plaintiffs

16   and the Class performed required off-the-clock work, TAK still refuses to pay Plaintiffs and the

17   Class for the off-the-clock work performed.

18   148.   Accordingly, TAK willfully refused and continues to refuse to pay those members of

19   the Class that left their employment with TAK all the wages that were due and owing them upon

20   the end of their employment. As a result of TAK's actions, Plaintiff Diaz and the Class Members

21   suffered and continue to suffer substantial losses, including lost earnings and interest.

22   149.   TAK's willful failure to pay the former employees the wages due and owed to them

23   constitutes a violation of Labor Code §§ 201-202. As a result, TAK is liable to them for all penalties

24   owing pursuant to Labor Code §§ 201-203.

25   150.   In addition, Labor Code § 203 provides that an employee's wages will continue as a

26   penalty up to thirty days from the time the wages were due. Therefore, the former employees are

27   entitled to penalties pursuant to Labor Code § 203, plus interest.

28   151.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## TENTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
### Labor Code § 226
### (By Plaintiffs and the Class against Defendants)

152.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

153.    California Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

154.    California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiffs seek to recover actual damages, costs, and attorneys' fees under this section.

155.    TAK fails to provide timely, accurate, itemized wage statements to Plaintiffs and the Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. In particular, the wage statements TAK provides employees, including to Plaintiffs and the Class, do not accurately reflect

the actual hours worked, actual gross wages earned, or actual net wages earned. This is because, in part, TAK does not count as "hours worked" the off-the-clock time its hourly, non-exempt Technicians spend performing work activities outside of their scheduled paid shifts and other work-related activities.

156.    TAK's failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional. Although, as alleged herein, TAK is aware that Plaintiffs and the Class perform off-the-clock work, TAK systematically fails to include this time worked in Plaintiffs and the Class's wage statements.

157.    Plaintiffs and the Class suffered injury as a result of TAK's knowing and intentional failure to provide timely, accurate itemized wage statements to Plaintiffs and the Class in accordance with Labor Code § 226(a). In particular, the injury stemming from TAK's violations is evidenced by this live and active dispute regarding unpaid wages, including, overtime pay, between the Parties. As a result of TAK's violations, Plaintiffs and the Class are required to undertake the difficult and costly task of attempting to reconstruct TAK's incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

158.    TAK is liable to Plaintiffs and the Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiffs and the Class are entitled to an award of attorneys' fees and costs as set forth below.

159.    Wherefore, Plaintiffs and the Class pray for relief as set forth below.

**ELEVENTH CAUSE OF ACTION**
**Unfair Business Practices**
**Business and Professions Code § 17200, *et seq.***
**(By Plaintiffs and the Class against Defendants)**

160.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

161.    California Business and Professions Code § 17200, et seq. prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

162.    California Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

163.   California Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

164.   Beginning at an exact date unknown to Plaintiffs and the Class, but at least since the date four years prior to the filing of this suit, TAK has committed acts of unfair competition as defined by the Unfair Business Practices Act by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Consolidated Complaint, including, but not limited to:

    a.   violations of Labor Code §§ 226.7 and 512 and IWC Wage Orders pertaining to meal and rest breaks;

    b.   violations of Labor Code § 1194 and IWC Wage Orders pertaining to the payment of wages;

    c.   violations of Labor Code § 510 and applicable IWC Wage Orders pertaining to overtime;

    d.   violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

    e.   violations of Labor Code § 2802 and IWC wage orders pertaining to reimbursement of necessary business expenditures; and

    f.   violations of Labor Code §§ 201-203.

165.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code § 17200, et seq.

166.   The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code § 17200, et seq. Among other things, the acts and practices have taken from Plaintiffs and the Class

1   wages rightfully earned by them, while enabling TAK to gain an unfair competitive advantage over

2   law-abiding employers and competitors.

3       167.    Business and Professions Code § 17203 provides that the Court may make such

4   orders or judgments as may be necessary to prevent the use or employment by any person of any

5   practice which constitutes unfair competition.

6       168.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs

7   and the Class have suffered a loss of money and property, in the form of unpaid wages which are

8   due and payable to them.

9       169.    Business and Professions Code § 17203 provides that the Court may restore to any

10  person in interest any money or property which may have been acquired by means of such unfair

11  competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and Professions

12  Code § 17203 for all wages and payments unlawfully withheld from employees during the four-

13  year period prior to the filing of this Complaint.

14      170.    Plaintiffs success in this action will enforce important rights affecting the public

15  interest and, in that regard, Plaintiffs sue on behalf of themselves and others similarly situated.

16  Plaintiffs and the Class seek and are entitled to unpaid wages, declaratory relief, and all other

17  equitable remedies owing to them.

18      171.    Plaintiffs herein take upon themselves enforcement of these laws and lawful claims.

19  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

20  public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to

21  pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to

22  Code of Civil Procedure § 1021.5 and otherwise.

23      172.    Wherefore, Plaintiffs and Class Members request relief as hereinafter provided.

24

25

26

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Diaz, et al. v. TAK Communications CA, Inc., et al.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the Collective, and the Class pray for relief as follows:

1.      Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, and all other laws of the states of California;

2.      For a declaratory judgment that TAK violated the California Labor Code and public policy as alleged herein;

3.      For a declaratory judgment that TAK violated Business and Professions Code § 17200, *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

4.      For a declaratory judgment that TAK violated the Fair Labor Standards Act as alleged herein;

5.      For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

6.      For an equitable accounting to identify, locate, and restore to all current and former Plaintiffs the wages they are due, with interest thereon;

7.      For an order awarding Plaintiffs, the Collective, the Class, and all aggrieved employees liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiffs, the Collective, and the Class, together with interest on these amounts, according to proof;

8.      For an order awarding Plaintiffs, the Collective and the Class civil penalties pursuant to the FLSA with interest thereon;

9.      For an order awarding Plaintiffs and the California Class civil penalties pursuant to the Labor Code provisions cited herein, with interest thereon;

10.     For an order awarding Plaintiffs and the California Class exemplary damages pursuant to California law;

1    11.    For an award of reasonable attorneys' fees as provided by the California Labor Code,

2            California Code of Civil Procedure § 1021.5, PWPCL § 9.1, the FLSA, laws of the

3            state of California, and/or other applicable law;

4    12.    For all costs of suit;

5    13.    For interest on any damages and/or penalties awarded, as provided by applicable law;

6            and

7    14.    For such other and further relief as this Court deems just and proper.

8

9

10   Date: May 18, 2020                          Respectfully submitted,

11
                                                 */s/  Carolyn H. Cottrell*
12                                               Carolyn H. Cottrell
                                                 Ori Edelstein
13                                               Michelle S. Lim
                                                 SCHNEIDER WALLACE
14                                               COTTRELL KONECKY LLP

15                                               Sarah R. Schalman-Bergen (*pro hac vice* to be submitted)
                                                 Stacy Savett (*pro hac vice* to be submitted)
16                                               Shoshana Savett (*pro hac vice* to be submitted)
                                                 Krysten Connon (to be admitted *pro hac vice*)
17                                               BERGER MONTAGUE PC

18                                               Attorneys for Plaintiffs, the Collective,
                                                 and putative Class
19

20

21

22

23

24

25

26

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Diaz, et al. v. TAK Communications CA, Inc., et al.*

1

2

## **DEMAND FOR JURY TRIAL**

3
4

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs, the Collective, and the Class are entitled to a jury.

5

6

Date: May 18, 2020                     Respectfully submitted,

7

8

*/s/  Carolyn H. Cottrell*
Carolyn H. Cottrell
Ori Edelstein

9

Michelle S. Lim
SCHNEIDER WALLACE

10

COTTRELL KONECKY LLP

11

Sarah R. Schalman-Bergen (*pro hac vice* to be submitted)
Stacy Savett (*pro hac vice* to be submitted)

12

Shoshana Savett (*pro hac vice* to be submitted)
Krysten Connon (*pro hac vice* to be submitted)

13

BERGER MONTAGUE PC

14

Attorneys for Plaintiffs, the Collective,
and putative Class

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Diaz, et al. v. TAK Communications CA, Inc., et al.*